# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

## GILBERT MURDOCK, Appellant, v. CHESTER ADAMS and FREDERICK PHILIPPS, Respondents.

*Readjustment of costs — when granted — what direction as to readjustment proper.*

Appeal from an order of the County Court of Otsego county, directing that the items of costs appearing in a bill of costs, "taxed by the clerk of Otsego county, in this action, and the whole of such bill be stricken out and such taxation be set aside, and the clerk of Otsego county adjust the same on the usual notice, at such sum as the interest on the verdict herein will amount to on the day such adjustment will take place.

The facts upon which the motion for a readjustment of costs was based appear sufficiently from the following affidavit:

"Walter H. Bunn, being duly sworn, deposes and says, that he is the county clerk of Otsego county; that on the 14th day of July, 1874, he adjusted the costs in above entitled action in favor of plaintiff at sixty-seven dollars and sixty-eight cents; that said costs were noticed for readjustment on the 22d day of July, 1874, at 9 h. A. M.; that on July 22, 1874, at 9 h. A. M., Geo. S. Gorham, Esq., plaintiff's attorney, presented said bill of costs for readjustment; that deponent asked said Gorham if there was any objection by defendants' attorneys to the bill; said Gorham answered 'that he did not understand any item of the bill to be objected to.' He also stated that he had met Mr. Lynes, defendants' attorney, on the street, and he had said nothing to him about the taxation. Whereupon deponent marked or indorsed said costs as 'readjusted at sixty-seven dollars and sixty-eight cents,' and said Gorham left the office. And deponent further says, that at nine o'clock and five minutes A. M., James A. Lynes, Esq., one of the defendants' attorneys, appeared and asked to be

heard upon readjustment of said costs, stating his objections to the bill, and also stating as a fact that plaintiff's attorney well knew that he intended to oppose the retaxation. Deponent thereupon sent John Kelly, Esq., deputy sheriff of said county, to the hotel where plaintiff's attorney was stopping, with instructions to notify said Gorham that Mr. Lynes was in attendance at the clerk's office, and desired to be heard upon the retaxation of the costs in aforesaid case, and that I proposed to open the taxation and hear the argument thereon. Such notice was personally given to plaintiff's attorney by said Kelly, as deponent is informed and believes true. Defendants' attorney did not appear; whereupon I did set aside the retaxation previously made as aforesaid. The defendants' attorney objected to the allowance of costs to plaintiff, on the ground that the action was brought against the defendants' official acts as trustees of a school district, and produced the certificate of H. G. Prindle, county judge, presiding at the trial of said cause, which certificate is hereto attached. Defendants' attorney also cited *Clarke* v. *Tunnicliff* (38 N. Y., 58), Laws of 1847 (chap. 480) and other authorities. After hearing such argument I did strike out and disallowed all the items of aforesaid bill of costs, except the item 'interest on verdict, eleven dollars and eighty-five cents,' at which amount, to wit, eleven dollars and eighty-five cents, the said bill was by me readjusted.

"WALTER H. BUNN.

"Sworn to before me, this 16th day  
     of July, 1875."

The plaintiff's attorney disregarded the last action of the clerk and issued execution for the recovery and costs as first taxed.

The court at General Term said: "The motion to set aside the readjustment of the costs, procured by the plaintiff's attorney on the twenty-second of July, at nine o'clock, *sharp*, was very properly granted. Such readjustment was hastily made by the clerk, in the absence of the defendants' attorney, and he was right in doing all in his power to give the latter an opportunity to be heard. His efforts to get the plaintiff's attorney again before him were, however, unavailing, and his subsequent *ex parte* readjustment was not recognized by the plaintiff's attorney, and, of course, stood for naught. The defendants' attorney, therefore, has had no hearing before the

clerk on the taxation, nor has he had an opportunity to be heard on that proceeding, according to fair practice.

Under the circumstances of this case, he should not be held in default on the readjustment. The motion was for nine A. M. The plaintiff's attorney was promptly on hand at the clerk's office, and although he had been informed that the defendants' attorney intended to appear and oppose the taxation, he gave the clerk to understand that there would be no opposition, and induced that officer hastily and without waiting even five minutes after the time specified in the notice, to make and certify the readjustment. The attorney then immediately left the clerk's office by the back door, and although called upon within a very few minutes to return and attend before the clerk, he refused to do so. His great haste in procuring the readjustment, and refusal to return when requested, stand without any reasonable excuse. The advantage gained by this questionable course of proceedure, he cannot be allowed to hold. The County Court was right, therefore, in setting aside the readjustment, and in giving the defendants' attorney an opportunity to be heard. To this extent the order of the County Court was manifestly right.

But that court went further, and directed the clerk as to his action on the readjustment. This would be very well in a case where the parties have been before the clerk together, and presented before that officer such facts as they wish to submit. But here the parties have not been heard together before that officer. What will be the state of the case when they meet on the readjustment, we cannot now know. Perhaps the defendants' attorney will not present his certificate from the county judge, now before us in the papers; and again, he may present that, strengthened by an additional certificate covering the points of objection now urged against its sufficiency. On the other hand, perhaps the plaintiff's attorney may obtain a certificate from the county judge nullifying the one already given; or perhaps he may show an appeal to the superintendent, and a decision thereon, and thus put the case without the statute and decisions relied on by the defendants' attorney. We cannot now determine what will be the case made before the clerk on the readjustment, and therefore cannot direct his action in advance.

On the case made by the parties before the clerk, he will first

determine the questions raised. After which the dissatisfied party can have a hearing before the court, if a hearing then shall be desired.

The order appealed from should, therefore, be modified so as to vacate and set aside the readjustment only, and this should be without costs of this appeal to either party.

*L. I. Burdett,* for the appellant.  *Lynes & Van Horn,* for the respondents.

Opinion by BOCKES, J.; LEARNED, P. J. and BOARDMAN, J., concurred.

Order modified.